UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARIA BURCHFIELD, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | No. 2:16-cv-00444-JAW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security,*[1] | ) | |
| | ) | |
| *Defendant* | ) | |

### RECOMMENDED DISMISSAL

On August 29, 2016, the plaintiff, then represented by attorney Francis M. Jackson, filed this appeal from a denial of Social Security benefits. *See* ECF No. 1. On November 14, 2016, after the plaintiff was granted leave to proceed *in forma pauperis* and effected service of her complaint on the commissioner, the court granted Attorney Jackson's motion to withdraw as her attorney, and she has since proceeded *pro se*. *See* ECF Nos. 5-6, 9-12. On December 13, 2016, the commissioner answered the complaint and filed a copy of the administrative record, *see* ECF Nos. 13-14, and the court issued a Procedural Order directing the plaintiff, in accordance with this court's Local Rule 16.3, to file an itemized statement of specific errors and a fact sheet within 30 days of the filing of the transcript and answer, that is, by January 12, 2017, *see* ECF No. 15. The clerk's office indicated, in a private notation on the CM/ECF docket, that it mailed a copy of the Procedural Order to the plaintiff at the address that she had previously provided to the court.

On January 31, 2017, I issued an Order To Show Cause, noting that the plaintiff had failed to file her itemized statement of errors and fact sheet by January 12, 2017, as ordered, or by January

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of Social Security, is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

20, 2017, in accordance with a deadline extension the court granted *sua sponte*. *See* ECF No. 16. I directed that she show good cause in writing, no later than February 14, 2017, why this action should not be dismissed for failure to prosecute in light of her failure to timely file the itemized statement of errors and fact sheet. *See id*. The clerk's office indicated, once again in a private notation on the CM/ECF docket, that it mailed a copy of the Order To Show Cause to the plaintiff.

The plaintiff did not show good cause by February 14, 2017, why this action should not be dismissed for failure to prosecute; nor has she done so since that deadline elapsed.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Department of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to show cause in writing why her case should not be dismissed warrants the dismissal of her action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Yet, although dismissal is appropriate, a separate issue remains whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute

"operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

In this case, the plaintiff failed to comply with two consecutive court orders, and with the court's local rules. This failure arguably warrants dismissal with prejudice; however, given her *pro se* status, and erring on the side of caution, I recommend that the case be **DISMISSED** without prejudice.

### *NOTICE*

In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 3rd day of March, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge